## Romar Evans Pedro Plaintiff vs. American Airlines Inc Defendant

**Broward County Case Number:** CACE25000546
**State Reporting Number:** 062025CA000546AXXXCE
**Court Type:** Civil
**Case Type:** Other - Discrimination Employment or Other
**Incident Date:** N/A
**Filing Date:** 01/14/2025
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** Davis, N. Hunter

### — Party(ies)

Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ⭐ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Pedro, Romar Evans** | | ⭐ Remer, Jason S<br>Retained<br>Bar ID: 165580<br>Remer & Georges-Pierre, PLLC<br>2745 Ponce De Leon Blvd<br>Miami, FL 33134-6004<br>**Status: Active** |
| Defendant | **American Airlines Inc** | | ⭐ Kamen, Garrett Scott<br>Retained<br>Bar ID: 125854<br>201 East Las Olas Blvd<br>Suite 1700<br>Fort Lauderdale, FL 33301<br>**Status: Active** |

### — Disposition(s)

Total: 0

| Date | Statistical Closure(s) |
|---|---|

| Date | Disposition(s) | View / Pages |
|---|---|---|

**EXHIBIT 1**

## – Collection(s)

Total: 0

**There is no Collection information available for this case.**

## – Event(s) & Document(s)

Total: 5

| Date | Description | Additional Text | View / Pages |
|------|-------------|-----------------|--------------|
| 02/17/2025 | **Notice of Appearance** | Party: *Defendant* American Airlines Inc | 📄/2 |
| 01/15/2025 | **eSummons Issuance** | ISSUED ON: AMERICAN AIRLINES INC | 📄/1 |
| 01/14/2025 | **Per AOSC20-23 Amd12, Case is determined General** | | |
| 01/14/2025 | **Civil Cover Sheet** | Amount: $75,001.00 | 📄/3 |
| 01/14/2025 | **Complaint (eFiled)** | | 📄/14 |

## – Hearing(s)

Total: 0

**There is no Disposition information available for this case.**

## – Related Case(s)

Total: 0

**There is no related case information available for this case.**

Filing # 214547805 E-Filed 01/14/2025 12:25:18 PM

IN THE CIRCUIT COURT THE
17TH JUDICIAL CIRCUIT
BROWARD COUNTY, FLORIDA

ROMAR EVANS PEDRO
Plaintiff,

vs.                                                  Case No.:

AMERICAN AIRLINES INC.
Defendant.

_____/

## COMPLAINT

Plaintiff, ROMAR EVANS PEDRO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, AMERICAN AIRLINES INC. hereinafter ("Defendant") and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000 excluding attorney's fees or costs, under the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Chapter 760, and Florida Statute Section 760, Section 440.205 of the Florida Statutes, to redress injuries done to Plaintiff by the Defendant for discriminatory treatment on the basis of Plaintiff's on Disability, a Hostile Work Environment, and Retaliation. This is also an action for damages resulting from Defendant's violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.

2. Defendant is a Foreign Profit Corporation Company authorized to conduct business in Broward County, Florida, where Plaintiff worked for Defendant.

3. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.

4. Plaintiff, at all times relevant to this action, is a resident of Broward County, Florida.

5. Plaintiff was employed by Defendant, having a place of business in Broward County, Florida, where Plaintiff worked for Defendant as a customer service and collections representative.

6. Venue is proper in Broward County, Florida because all of the actions that form the basis of this Complaint occurred within Broward County, Florida and payment was due in Broward County, Florida.

7. Defendant was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq. since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla Stat. Section 760, et seq. and it is subject to the employment discrimination provisions of the applicable statutes.

9. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

10. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination and the Plaintiff has requested or otherwise obtained the Notice and Right to Sue. Plaintiff is now timely filing suit.

11. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

12. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff was employed by the company on or about February 2, 2021 until December 30, 2022, as a Customer Service Agent.

14. Plaintiff is a male of Hispanic descent who suffers from a disability severe Attention deficit/hyperactivity disorder (ADHD).

15. Plaintiff experiences substantial limitations in major life activities such as maintaining energy levels, thinking, working, and sustaining focus and attention for prolonged periods.

16. Plaintiff informed his employer at the start of his employment that he had a mental condition/disability.

17. Plaintiff applied to work only part-time hours (24-30 hours weekly) but was consistently assigned more work, leading him to work full-time hours. He ended up working between 35 to 45 hours each week.

18. On or about February 2022, Plaintiff requested and was approved for intermittent Family Medical Leave Act (FMLA) leave to accommodate his condition, symptoms, and related treatment.

19. Despite working full-time hours, Plaintiff was treated as a part-time employee and denied the full benefits entitled under FMLA.

20. Plaintiff requested the equivalent of 12 weeks of FMLA leave but was given only 200 hours (5-6 weeks).

21. When Plaintiff was informed that his intermittent FMLA hours had expired, he complained and requested more time.

22. An Attendance Department representative informed Plaintiff that he could not have more time as he was a part-time employee. Plaintiff pushed back, stating he had been working full-time and was entitled to full benefits.

23. As a result, Plaintiff received a Level 2 Disciplinary Action.

24. Plaintiff was written up again for attendance issues, despite informing his employer that he needed time off due to his disability.

25. Plaintiff was directed to the Lost Time Department, where he met with manager Jovani Jackson.

26. Jovani treated Plaintiff in a condescending and harassing manner, making demeaning comments about Plaintiff's focus, preparedness, and mistakes based on the disability.

27. Plaintiff felt blamed for his employer denying him full rights and benefits and filed an ethics complaint.

28. Plaintiff's mother, who also works for the same employer, was approached by manager Lourdes Broco, who told her that Plaintiff needed to "fix" the ethics claim.

29. This threat made Plaintiff feel uncomfortable and targeted for harassment.

30. After filing the ethics complaint, Plaintiff was treated differently by coworkers and supervisors, who were often harassing, sarcastic, and critical.

31. On or about October 2022, Plaintiff was instructed by HR to file an ADA complaint.

32. After filing the ADA complaint, Lourdes told Plaintiff not to return to work without providing a specific reason.

33. Plaintiff was forced off work for about a month, despite not requesting time off.

34. When Plaintiff tried to return to work in late October, two managers escorted him to the Lost Time Department.

35. Plaintiff was told by Ronda Quidgley and Marianel King that he was not cleared to return, even though Lourdes had cleared him.

36. Plaintiff's badge and keys were taken, and he was told to submit a medical back-to-work form, which Plaintiff refused, as it did not apply to his situation.

37. Plaintiff felt pressured and feared losing his job, so he eventually complied.

38. Defendant created a hostile work environment towards Plaintiff based on his disability and requests for accommodations.

39. Defendant retaliated against Plaintiff for his request for FMLA leave and his request for accommodations to be out of work for medical reasons.

40. Upon returning to work, Plaintiff was written up for missing work.

41. Plaintiff was terminated on or about December 30, 2022 based on discrimination or retaliation for complaints of discrimination and/or for FMLA retaliation.

42. Throughout Plaintiff employment he was able to perform the essential functions of his job duties and responsibilities, and at all relevant times Plaintiff did perform his job at satisfactory or above-satisfactory level.

43. Any reason proffered by Plaintiff employer for the adverse employment actions is mere pretext for unlawful discrimination.

44. Plaintiff has retained the undersigned counsel so that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

<u>COUNT I</u>
*Disability Discrimination in Violation of the FCRA*

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-44 above as is set out in full herein.

46. Plaintiff has a physical disability that substantially limits one or more major life activities and is thus a member of a protected class under the FCRA.

47. Plaintiff was regarded as having or know to have a disability by Defendant and Defendant's agents.

48. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

49. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a physical and mental disability.

50. Plaintiff can and did perform the essential functions of his job with or without reasonable accommodation.

51. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

52. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

53. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

54. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

55. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

56. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

57. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

58. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D.  Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E.  Reinstate full fringe benefits and seniority rights to Plaintiff.

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G.  For a money judgment representing prejudgment interest.

H.  Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I.  Grant Plaintiff a trial by jury.

J.  Grant such other and further relief as the Court deems just and proper

## COUNT II
### *Retaliation in Violation of the FCRA*

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 44 above as if set out in full herein.

60. Defendant is an employer as that term is used under the applicable statutes referenced above.

61. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

62. The foregoing unlawful acts by Defendant were purposeful.

63. Plaintiff is a member of a protected class because he engaged in a statutorily protected activity and was the victim of retaliation thereafter.  There is a causal connection between the engagement of the statutorily protected activity, Plaintiff's complaints to Defendant, and the adverse employment action taken thereafter.

64. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

65. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *Hostile Work Environment in Violation of the FCRA*

66. Plaintiff re-adopts each and every factual allegation as stated in 1-44 of this Complaint as if set out in full herein.

67. Defendant is an employer as that term is used under the applicable statutes referenced above.

68. The foregoing allegations establish a cause of action for a hostile work environment due to Defendant's actions adversely affecting Plaintiff's under the FCRA.

69. Plaintiff, as a male with a disability, is within a protected class as envisioned by the FCRA.

70. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as he continually feared the harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as he could not complete his duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered and/or changed when he was ultimately terminated.

71. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

72. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

73. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and Grant such other and further relief as the Court deems just and proper

## COUNT IV
### *Interference With Rights Under The FMLA*

74. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-44 above as if set out in full herein.

75. Plaintiff is an individual entitled to protection under the FMLA.

76. Plaintiff is an employee within the meaning of the FMLA.

77. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

78. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

79. Defendant's actions constitute violations of the FMLA.

80. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

  A.  Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

  B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

  C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

  D.  Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award his front pay.

  E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

  F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Retaliation Under The FMLA*

81. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-44 above as if set out in full herein.

82. Plaintiff is an individual entitled to protection under the FMLA.

83. Plaintiff is an employee within the meaning of the FMLA.

84. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

85. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

86. Defendant's actions constitute a violation of the FMLA.

87. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award his front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.


## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 13, 2025                    Respectfully submitted,

/s/: *Jason S. Remer*
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgph.law
**REMER & GEORGES-PIERRE &
HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134.
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Romar Evans Pedro</u>
Plaintiff                                                   Case # _____
                                                            Judge  _____

vs.

<u>American Airlines Inc</u>
Defendant

_____

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>5</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jason S Remer</u>      Fla. Bar # <u>165580</u>
    Attorney or party      (Bar # if attorney)

<u>Jason S Remer</u>      <u>01/14/2025</u>
 (type or print name)      Date

- 3 -

Filing # 214619487 E-Filed 01/15/2025 09:44:57 AM

IN THE CIRCUIT COURT THE
17TH JUDICIAL CIRCUIT
BROWARD COUNTY, FLORIDA

CACE-25-000546

ROMAR EVANS PEDRO
Plaintiff,

vs.                                              Case No.:   CACE-25-000546

AMERICAN AIRLINES INC.
Defendant.

## SUMMONS IN A CIVIL CASE

**TO:** AMERICAN AIRLINES INC, through its Registered Agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
**REMER & GEORGES-PIERRE &
HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____                JAN 16 2025
CLERK                                                           DATE

_____
(BY) DEPUTY CLERK

BRENDA D. FORMAN

1

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ROMAR EVANS PEDRO,                          CASE NO. CACE-25-000546

      Plaintiff,

v.

AMERICAN AIRLINES, INC.

      Defendant.

_____/

## NOTICE OF APPEARANCE

    Please take notice that attorney Garrett S. Kamen of the law firm Fisher & Phillips LLP,

is appearing as counsel for the defendant. Please provide him copies of any pleadings, motions,

orders, or other papers or documents served in connection with this matter.

Date:  February 17, 2025.                    Respectfully submitted,

                                           */s/ Garrett S. Kamen*
                                           Garrett S. Kamen
                                           Florida Bar No. 125854
                                           gkamen@fisherphillips.com
                                           Fisher & Phillips LLP
                                           201 East Las Olas Boulevard, Suite 1700
                                           Fort Lauderdale, Florida 33301
                                           Tel: (954) 525-4800
                                           Fax: (954) 525-8739

                                           *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on **February 17, 2025**, I electronically filed the foregoing with the Clerk of the Court using Florida Courts E-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Garrett S. Kamen*
Garrett S. Kamen

## <u>SERVICE LIST</u>

Jason S. Remer, Esq.
Remer & Georges-Pierre & Hoogerwoerd, PLLC
2745 Ponce de Leon Boulevard
Coral Gables, FL 33134
Tel: (305) 416-5000
jremer@rgph.law

*Attorneys for Plaintiff*